The Honorable Robert J. Bryan
United States Magistrate Judge Karen L. Strombom

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| MARVIN HUNTER, an Individual, | NO. 13-5427RJB/KLS |
| Plaintiff, | STIPULATED PROTECTIVE ORDER |
| v. | NOTING DATE: November 19, 2013 |
| JEROME WILEN, TIM THRASHER, and CORYDON WHALEY, | |
| Defendants. | |

**PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, prison security-related, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords

STIPULATED PROTECTIVE ORDER
NO. 13-5427RJB/KLS

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Dr SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

This stipulation and order arises from numerous discussions and communications between the parties' counsel, including a discovery conference under Fed. R. Civ. P. 26. Plaintiff's counsel has requested documents. In response, defendants have produced redacted documents and withheld some other records citing exemptions under the Washington State Public Records Act, analogous exemptions under the Federal Freedom of Information Act (FOIA) and federal cases protecting information related to prison security. Plaintiff does not agree there is a basis for withholding this information, but nevertheless agrees to this stipulation and order in order for his counsel of record to have restricted discovery and to prepare for trial in this matter.

The parties reserve the right to seek amendment of this stipulation and order's terms on motion after meeting and conferring as required herein.

## "RESTRICTED - CONFIDENTIAL" MATERIAL

"Restricted - Confidential" Material shall include the following documents and tangible things produced by Defendants' counsel that may not be shared with Plaintiff Marvin Hunter and other persons unless specifically permitted under this stipulation and order, until further order of this Court: internal prison intelligence and investigative records regarding the assault involving the plaintiff on June 16, 2010, including, but not limited to: (1) confidential informants' names and identifying information; and (2) identification of offenders as belonging to security threat groups (STGs). This stipulation and order also protects documents

STIPULATED PROTECTIVE ORDER
NO. 13-5427RJB/KLS

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Dr SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

1   containing specific intelligence information claimed to be exempt from public disclosure under

2   RCW 42.56.240(1) and (10).  These documents are further identified as follows:

3   20503194 – 3204
    20503261
4   20503263 – 3264
5   20503322 – 3332, 3381, 3383 – 84
    20503943 – 3945
6   20503977 – 3988, 4036, 4038 – 39, 4060, 4091
7   20504127 – 4137, 4186, 4188 – 89, 4210, 4241
    20700001 – 016
8   21200058, 061, 063, 068, 075, 078, 085, 086, 089, 097, 103, 104, 147, 158, 161-162, 163, 201
    21300028 – 029, 030 – 31, 043, 086, 101 – 102, 114
9   21500027
10  90050015 – 022
    90050079
11  90050081 – 082
    90050105
12  90050136

13                                              **SCOPE**

14      The protections conferred by this agreement cover not only Restricted - Confidential

15  Material (as defined above), but also (1) any information copied or extracted from Restricted -

16  Confidential Material; (2) all copies, excerpts, summaries, or compilations of Restricted -

17  Confidential Material; and, (3) any testimony, conversations, or presentations by parties or

18

19  their counsel that might reveal Restricted - Confidential Material.

20      **ACCESS TO AND USE OF RESTRICTED - CONFIDENTIAL MATERIAL**

21      1.      <u>Basic Principles</u>.   Plaintiff Marvin Hunter's counsel of record may use

22  Restricted - Confidential Material that is disclosed or produced by Defendants' counsel in

23  connection with this case only for prosecuting, defending, or attempting to settle this litigation.

24
    Until further order of this Court, the Restricted - Confidential Material may be disclosed only
25

26

STIPULATED PROTECTIVE ORDER              3           ATTORNEY GENERAL OF WASHINGTON
NO. 13-5427RJB/KLS                                              Torts Division
                                                            7141 Cleanwater Dr SW
                                                               PO Box 40126
                                                            Olympia, WA 98504-0126
                                                               (360) 586-6300

to the categories of persons and under the conditions described in this agreement. Restricted - Confidential material must be stored and maintained by Plaintiff's counsel at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

2. <u>Disclosure of "RESTRICTED - CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Defendants' counsel, Plaintiff's counsel may disclose any Restricted - Confidential material only to:

(a) employees of Plaintiff's counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the court, court personnel, and court reporters and their staff;

(c) experts and consultants hired by Plaintiff to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement To Be Bound" (Exhibit A), *provided* that Plaintiff's counsel shall redact the names of any confidential source or confidential informer and *provided further* that Plaintiff's counsel shall provide defense counsel 48 hours' notice (exclusive of weekends and legal holidays) of the proposed form of disclosure, subject to the "Meet and Confer" and "Judicial Intervention" sections below;

(d) during their depositions, witnesses in the action who are or were employed as prison officials to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or

STIPULATED PROTECTIVE ORDER
NO. 13-5427RJB/KLS

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Dr SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

3. <u>Filing Restricted - Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court the file material under seal.

4. <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding restricted - confidential material without court involvement. Any future motion regarding restricted - confidential material must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

5. <u>Judicial Intervention</u>. If the parties cannot resolve a dispute regarding restricted – confidential material without court intervention, either party may file and serve a motion to amend this stipulation and order under Local Civil Rule 7 (and in compliance with Local Civil

STIPULATED PROTECTIVE ORDER
NO. 13-5427RJB/KLS

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Dr SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

Rule 5(g), if applicable). All parties shall continue to maintain the material in question as restricted-confidential until the court rules on the pending dispute.

## DESIGNATING PROTECTED MATERIAL

1. <u>Manner and Timing of Designations</u>. Restricted-Confidential Material must be clearly so designated before or when the material is disclosed or produced.

(a) Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the words "RESTRICTED - CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) Testimony given in deposition or in other pretrial or trial proceedings: the parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as restricted-confidential.

(c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "RESTRICTED - CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

STIPULATED PROTECTIVE ORDER
NO. 13-5427RJB/KLS

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Dr SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

      2.      <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material.  Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

## PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "RESTRICTED - CONFIDENTIAL," that party must:

      (a)      promptly notify the designating party in writing and include a copy of the subpoena or court order;

      (b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement.  Such notification shall include a copy of this agreement; and,

      (c)      cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

## UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed restricted-confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately:  (a) notify in writing the designating party of the unauthorized disclosures;  (b) use its best efforts to retrieve all unauthorized copies of the

STIPULATED PROTECTIVE ORDER
NO. 13-5427RJB/KLS

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Dr SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

protected material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement; and, (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

## NON-TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all restricted-confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction. Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney-work product, and consultant and expert work product, even if such materials contain confidential material. The

//
//
//

STIPULATED PROTECTIVE ORDER
NO. 13-5427RJB/KLS

8

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Dr SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this _____ day of November, 2013.

_____
Daniel J. Judge
WSBA No. 17392
Attorney for Defendants

DATED this _____ day of November, 2013.

_____
Fred Diamondstone
WSBA No. 7138
Attorney for Plaintiff

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED this 21 day of November, 2013.

*[signature]*
Karen L. Strombom
United States Magistrate Judge

STIPULATED PROTECTIVE ORDER
NO. 13-5427RJB/KLS

9

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Dr SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print full name], of_____ [print full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ [date] in the case of **Hunter v. Jerome Wilen, Tim Thrasher and Corydon Whaley, Cause No. 3:13-cv-5427-RJB-KMS**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER
NO. 13-5427RJB/KLS

10

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Dr SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

**PROOF OF SERVICE**

I certify that I served a copy of this document on all parties or their counsel of record on the date below as follows:

☒ US Mail Postage Prepaid via Consolidated Mail Service and Emailed to:

    Fred Diamondstone
    1218 Third Ave., Suite 1000
    Seattle, WA 98101
    fred@freddiamondstone.com

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this _____ day of November, 2013, at Tumwater, WA.

    By: s/Daniel J. Judge
    DANIEL J. JUDGE, WSBA No. 17392
    Senior Counsel
    Attorney General's Office
    PO Box 40126
    Olympia, WA  98504-0126
    Telephone: (360) 586-6300
    Fax: (360) 586-6655
    E-mail: DanielJ@atg.wa.gov
    Attorneys for Defendants

STIPULATED PROTECTIVE ORDER --
NO. 13-5427RJB/KLS

11

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Dr SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300